IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-00480-FDW-DSC

| | |
|---|---|
| **MEINEKE FRANCHISOR SPV, LLC**<br>**ECONO LUBE FRANCHISOR SPV,**<br>**LLC,**<br><br>      **Plaintiffs,**<br><br>  **v.**<br><br>**PALWASHA HEIDARY**<br>**AZIM ATTA,**<br><br>      **Defendants.** | **ORDER** |

THIS MATTER is before the Court on Plaintiffs' Motion for Entry of Default and Default Judgment, or Alternatively Judgment on the Pleadings. (Doc. No. 12). After examination of the uncontested evidence submitted by Plaintiff in this matter, as well as the record in this matter, the Court hereby DENIES WITHOUT PREJUDICE Plaintiff's Motion for Default Judgment and DENIES AS MOOT Plaintiff's Alternative Motion for Judgment on the Pleadings. (Doc. No. 12).

I. BACKGROUND

    a. Factual Background[1]

Plaintiff Meineke is a Delaware corporation that grants franchises to qualified individuals, allowing them to own and operate automotive repair businesses under the Meineke name. (Doc. No. 1, p. 1). Plaintiff Econo Lube is also a Delaware corporation and owns various federal trademarks. Id. at p. 4. In early 2015, Defendants Azim Atta and Palwasha Heidary ("Defendants")

---

[1] The factual background provided is described as set forth in Plaintiffs' Complaint and is uncontested by Defendants who have failed to appropriately respond to the lawsuit.

1

entered into a Franchise Agreement with Plaintiff Meineke and a Real Property Sublease Agreement with Plaintiff Econo Lube. Id. at pp. 5-6. The Franchise Agreement authorized Defendants to own and operate an automotive repair center under the Meineke system and use Meineke's name, logo, and marks in the operation of the franchise. Id. at p. 6. As part of the Agreement, Defendants agreed to pay Plaintiff Meineke a weekly franchise fee and to provide Plaintiff Meineke with weekly accurate business reports. Id.

During the term of the Franchise and Sublease Agreements, Defendants breached their obligations by failing to pay the weekly franchise fees and monthly property rental fees. Id. at p. 7. By November 2018, Defendants owed $58,675.37 in past due rental payments and $24,457.52 in franchise fees, for a total past due amount of $83,132.89 owed to Plaintiffs Meineke and Econo Lube. Id. In an effort to resolve the past due amount, Defendants and Plaintiffs entered into a Settlement Agreement under which Defendants were to make "catch-up" payments in addition to the Franchise and Sublease payments not yet due and owing over a period of two years. Id. Defendants paid back $16,332.30 under the Settlement Agreement but stopped making payments around May 2019. Id. at p. 8. When they stopped making payments pursuant to the Settlement Agreement, Defendants still owed Plaintiffs $29,824.08 in past-due rental payments and $25,385.34 in past-due franchise payments. Id. In addition to their failure to pay, Defendants further breached their Franchise Agreement with Plaintiff Meineke when they failed to provide accurate weekly business reports. Id. at p. 9.

In response to the breaches by Defendants, Plaintiff Meineke notified Defendants that the Franchise Agreement would be terminated. Id. However, despite the termination of the Franchise Agreement, Defendants continued to operate as a Meineke franchise, and continued the unauthorized use of the names, logos, and marks of Plaintiff Meineke and Plaintiff Econo Lube. Id. at p. 10.

### b. Procedural Background

Plaintiffs Meineke and Econo Lube filed the instant lawsuit against Defendants on August 28, 2020 and alleged Defendants are liable for breaching the Sublease Agreement, Franchise Agreement, and Settlement Agreement. (Doc. No. 1). Plaintiffs also alleged Defendants are liable for trademark infringement pursuant to the Lanham Act for the unauthorized use of Plaintiffs' trade names, marks, and logos. Id. In addition to the Complaint, Plaintiffs filed a Motion for Preliminary Injunction on August 28, 2020. (Doc. No. 2). Defendants submitted no response to either the Complaint or the Motion for Preliminary Injunction until October 14, 2020, when they submitted a "Pro Se Letter." (Doc. No. 7). The Letter contained the following:

> We received the documents relating to the lawsuit referenced above. We live in California and have not been able to find an attorney in North Carolina to write a response to the lawsuit. We would like to inform you that we have no intentions or [sic] using any of Meineke's intellectual properties, signs or logos in any shape or form. We also have no intentions of remaining a Meineke Franchise.

(Doc. No. 7).

On October 21, 2020, the Court issued an Amended Order, notifying Defendants that it was unclear as to whether their Letter was an Answer or a response to the Motion for Preliminary Injunction. (Doc. No. 11). The Court's Order provided a Roseboro Notice, alerting Defendants that they had sixteen (16) days to appropriately respond to Plaintiffs' Motion for Preliminary Injunction and that failure to do so could result in "judgment against Defendants as requested by Plaintiffs' Complaint." (Doc. No. 11, p. 2). It has now been two months, and Defendants have failed to respond to the litigation or to the Court's October Order. As such, the Clerk of Court entered default against Defendants on January 13, 2021. (Doc. No. 13). The Court now evaluates Plaintiff's Motion for Default Judgment herein.[2]

---

[2] The Clerk's Entry of Default on January 13, 2021 renders Plaintiffs' Motion for Judgment on the Pleadings moot.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55 provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general mater, defaults be avoided and that claims and defenses be disposed of on their merits." Colleton Preparatory Acad., Inc. v. Hoover Univ., Inc., 616 F.3d 413, 417 (4th Cir. 2010) (citations omitted). Nonetheless, default judgment "may be appropriate when the adversary process has been halted because of an essentially unresponsive party." SEC v. Lawbaugh, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

If a court finds that liability is established, it must then determine damages. E.E.O.C. v. Carter Behav. Health Servs., Inc., 2011 WL 5325485, at *4 (E.D.N.C. Oct 7, 2015) (citing Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001)). The court must make an independent determination regarding damages and cannot accept as true factual allegations of damages. Id. (citing Lawbaugh, 359 F. Supp. 2d at 422). While the court may conduct an evidentiary hearing to determine damages, it is not required to do so but may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum. See E.E.O.C. v. N. Am. Land Corp., 2010 WL 2723727, at *2 (W.D.N.C. July 8, 2010).

## III. ANALYSIS

Plaintiffs seek a default judgment entered against Defendant for all of their claims: (1) Breach of Sublease; (2) Breach of Settlement Agreement; (3) Breach of Franchise Agreement; and (4), Trademark Infringement. Plaintiffs assert they are entitled to $148,613.69 in sum certain damages for Breach of Sublease, Breach of Settlement Agreement, and for a portion of Breach of Franchise Agreement. (Doc. No. 12-1, p. 11). Plaintiffs also explain that they are entitled to a currently undetermined amount of damages for "future royalties, franchise fees, and advertising

4

fees that would have been received during the remainder of the breached Franchise Agreement," and lost profits and treble damages as a result of Defendant's trademark infringement. Id. at p. 10-11.

The Court is unable to make an independent determination regarding damages based on the record before it. For example, Plaintiffs assert they are entitled to damages for breach of the Sublease Agreement, but there is no executed Sublease Agreement provided in the record.[3] Plaintiffs seek only the unpaid amounts due under the Settlement and Franchise Agreements, but there is no documentary evidence in the record that would allow this Court to independently determine amounts paid and amounts owed.[4] Additionally, Plaintiffs' Memorandum in Support does not clearly explain how the amounts owed under the Settlement Agreement were calculated. Indeed, the Memorandum asserts "Defendants agreed to pay Meineke $86,541.72"; however, the Settlement Agreement attached to the Complaint provides that Defendants "agree to pay . . . $83,132.89." Compare (Doc. No. 12-1, p. 11) with (Doc. No. 1-3, p. 2). The Court is unable to reconcile these two amounts based on the record before it.

In short, there is simply not enough evidence in the record for this Court to properly award a default judgment to Plaintiffs. Accordingly, the Court DENIES WITHOUT PREJUDICE Plaintiffs' Motion for Default Judgment. (Doc. No. 12). The Court also DENIES AS MOOT their Alternative Motion for Judgment on the Pleadings. (Doc. No. 12).

IT IS SO ORDERED.   Signed: January 20, 2021

Frank D. Whitney
United States District Judge

---

[3] The Settlement Agreement attached to the Complaint (Doc. No. 1-3) refers to amounts due and owing for "Rent A/R," but this is not sufficient for the Court to award a default judgment to Plaintiffs for Defendants' breach of the Sublease Agreement.

[4] The exhibits attached to the Complaint provide a detailed payment schedule, but do not indicate which payments were made and which are unpaid. See (Doc. No. 1-3).