UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-cv-480

| | |
|---|---|
| MEINEKE FRANCHISOR SPV, LLC, successor in interest to, MEINEKE CAR CARE CENTERS, LLC, and ECONO LUBE FRANCHISOR SPV, LLC, successor in interest to, ECONO-LUBE N' TUNE, LLC, <br><br>Plaintiffs, <br><br>v. <br><br>AZIM ATTA and PALWASHA HEIDARY, <br><br>Defendants. | **ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** |

THIS MATTER is before the Court on Plaintiffs' Meineke Franchisor SPV, LLC, successor in interest to, Meineke Car Care Centers, LLC ("Meineke"), and Econo Lube Franchisor SPV, LLC, successor in interest to, Econo-Lube N' Tune, LLC ("Econo") (collectively "Plaintiffs") Motion for Default Judgment (Doc. No. 17). After examination of the uncontested evidence submitted by Plaintiffs in this matter (Doc. No. 18), as well as the record in this matter, the Court hereby GRANTS Plaintiffs' Motion for Default Judgment (Doc. No. 17).

1. The factual and procedural background of this case is sufficiently set forth in the Court's January 20, 2021 Order denying, without prejudice, Plaintiff's Motion for Default Judgment. (Doc. No. 14).

2. As set forth in the January 20, 2021 Order, based on the record before it at that time, although default had been entered against Defendants (Doc. No. 13), there was insufficient evidence in the record for the Court to make an independent judgment regarding the damages recoverable by Plaintiffs. See E.E.O.C. v. Carter Behav. Health Servs., Inc., 2011 WL 5325486,

at *4 (E.D.N.C. Oct. 7, 2015) (citing SEC v. Lawbaugh, 359 F. Supp. 2d 418, 421 (D. Md. 2005)) (holding that the Court must make an independent determination regarding damages and cannot accept as true factual allegations of damages).

3. On September 10, 2021, Plaintiffs filed their Response to Court's Order Dated September 2, 2021, and Motion for Default Judgment (Doc. No. 17), including therewith additional evidence in the form of a Declaration of Chantel Tucker. (Doc. No. 18).

4. Based on the additional evidence submitted, the Court has made an independent determination regarding the damages suffered by Plaintiffs as a result of Defendants' conduct.

## ANALYSIS

5. Plaintiffs seek a default judgment entered against Defendants for three of their claims: (1) Breach of Sublease[1]; (2) Breach of Settlement Agreement; and (3) Breach of Franchise Agreement. Plaintiffs are not seeking a default judgment as to their fourth cause of action, Trademark Infringement, at this time, and such claim will be dismissed without prejudice.

### I. Damages for Breach of Sublease

6. Based upon the pleadings and the evidence in the record, including the Declaration of Chantel Tucker and the Sublease, the Court has independently determined that Plaintiff Econo is entitled to compensatory damages for Breach of the Sublease in the sum certain amount of $12,323.50, plus prejudgment interest at the legal rate of eight percent (8%) per annum[2] from the

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning as used in the Court's January 20, 2021 Order. (Doc. No. 14).

[2] "State law governs prejudgment interest awards in diversity cases. The legal rate of interest in North Carolina is 8% per annum." Foodbuy, LLC v. Gregory Packaging, Inc., 2018 U.S. Dist. LEXIS 164189, at *90 (W.D.N.C. Sept. 25, 2018) (citing Canady v. Crestar Mortgage Corp., 109 F.3d 969, 975 (4th Cir. 1997) ("Under North Carolina law, interest runs from the date of the defendant's breach, not the date of plaintiff's demand for a refund.")).

date of breach, June 1, 2019, through the date of this Order, plus post-judgment interest at the legal rate from the date of this Order until satisfied.

## II.     Damages for Breach of Settlement Agreement

7.     Based upon the pleadings and the evidence in the record, including the Declaration of Chantel Tucker and the Settlement Agreement, the Court has independently determined that Plaintiff Meineke is entitled to compensatory damages for Breach of the Settlement Agreement in the sum certain amount of $53,230.68,[3] plus prejudgment interest at the legal rate of eight percent (8%) per annum from the date of breach, May 9, 2019, through the date of this Order, plus post-judgment interest at the legal rate from the date of this Order until satisfied.

## III.    Damages for Breach of Franchise Agreement

8.     Based upon the pleadings and the evidence in the record, including the Declaration of Chantel Tucker and the Franchise Agreement, the Court has independently determined that Plaintiff Meineke is entitled to compensatory damages for Breach of the Franchise Agreement for past-due amounts due and owing under the Franchise Agreement prior to its termination on July 16, 2020, in the sum certain amount of $78,228.74, plus prejudgment interest at the legal rate of eight percent (8%) per annum from the date of breach, June 1, 2019, through the date of this Order, plus post-judgment interest at the legal rate from the date of this Order until satisfied.

9.     In addition, the Fourth Circuit has held that a franchisor may obtain damages for lost future profits:

> [W]hen it is made to appear (1) that it is reasonably certain that such profits would have been realized except for the breach of contract, (2) that such profits can be ascertained and measured with reasonable certainty, and (3) that such profits may reasonably be

---

[3] This total amount is comprised of $28,773.26 for Rent A/R and $24,457.42 for ADV, FFE, and POS A/R as those terms are defined and explained in the affidavit in support of the instant motion. (Doc. No. 18, p. 6).

> supposed to have been within the contemplation of the parties, when the contract was made, as the probable result of the breach.

Meineke Car Care Ctrs., Inc. v. RLB Holdings, LLC, 423 Fed. App'x. 274, 281 (4th Cir. 2011) (quoting Keith v. Day, 343 S.E.2d 562, 568 (N.C. Ct. App. 1986)).

10. Based on Section 3.2 of the Franchise Agreement, Defendants were obligated to pay "Annual Minimum Royalties" to Meineke in the amount of $20,800 per year, or $400 per week.

11. The Court finds that it is reasonably certain these Annual Minimum Royalties would have been realized by Meineke but for Defendants' breach of the Franchise Agreement, that these Annual Minimum Royalties can be ascertained and measured with reasonable certainty, and that these Annual Minimum Royalties were within the contemplation of the parties when the Franchise Agreement was made.

12. The Court finds that Meineke is, therefore, entitled to recover future damages directly resulting from Defendants' breach of the Franchise Agreement in the amount of the Annual Minimum Royalties that would have been received from the date the Franchise Agreement was terminated, July 16, 2020, through the remainder of the franchise term continuing through June 30, 2024.

13. Based upon the pleadings and the evidence in the record, including the Declaration of Chantel Tucker and the Franchise Agreement, the Court has independently determined that Plaintiff Meineke is entitled to compensatory damages for Breach of the Franchise Agreement for future damages resulting from Defendants' breach of the Franchise Agreement from the date of its termination on July 16, 2020, through the expiration of the franchise term on June 30, 2024, in the

sum certain amount of $82,400, plus post-judgment interest at the legal rate from the date of this Order until satisfied.

IT IS THEREFORE ORDERED that:

1. Plaintiffs' Motion for Default Judgment (Doc. No. 17) is GRANTED.
2. Default judgment is hereby entered against Defendants in the total amount of $226,182.92, plus pre- and post-judgment interest, as follows:
    a. Plaintiff Econo is hereby awarded $12,323.50, plus prejudgment interest at the legal rate of eight percent (8%) per annum from the date of breach, June 1, 2019, through the date of this Order, plus post-judgment interest at the legal rate from the date of this Order until satisfied;
    b. Plaintiff Meineke is hereby awarded $53,230.68, plus prejudgment interest at the legal rate of eight percent (8%) per annum from the date of breach, May 9, 2019, through the date of this Order, plus post-judgment interest at the legal rate from the date of this Order until satisfied;
    c. Plaintiff Meineke is hereby awarded $78,228.74, plus prejudgment interest at the legal rate of eight percent (8%) per annum from the date of breach, June 1, 2019, through the date of this Order, plus post-judgment interest at the legal rate from the date of this Order until satisfied; and
    d. Plaintiff Meineke is hereby awarded $82,400, plus post-judgment interest at the legal rate from the date of this Order until satisfied.

IT IS FURTHER ORDERED that the costs of this action are hereby charged against Defendants; and Plaintiffs may file an appropriate motion under Rule 54 of the Federal Rules of

Civil Procedure for an award of attorneys' fees within fourteen (14) days from the date of this Order. The Clerk of Court is respectfully directed to CLOSE THE CASE.

**IT IS SO ORDERED.**

Signed: November 29, 2021

Frank D. Whitney
United States District Judge